IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANDRE FERGUSON,                    )
                                   )
                Plaintiff,         )
                                   )
        v.                         )    No.  08 C 4686
                                   )
TOM DART, et al.,                  )
                                   )
                Defendants.        )

MEMORANDUM ORDER

In accordance with this District Court's LR 40.2(b)(1)(B),
which establishes an exception to the general random assignment
system for newly-filed litigation where the plaintiff is in
custody and is a repeat litigator in actions challenging the
conditions of confinement, this newest pro se action by Andre
Ferguson ("Ferguson") has been assigned directly to this Court's
calendar. Ferguson again seeks to sue under 42 U.S.C. §1983,[1]
charging that his constitutional rights have assertedly been
violated by conditions at the Cook County Department of
Corrections ("County Jail").

But quite apart from deficiencies noted by the Clerk's
Office,[2] Ferguson's submission is totally devoid of any showing

_____

    [1]  All further references to Title 42's provisions will
simply take the form "Section--."

    [2]  Ferguson's Complaint delivered to this Court's chambers
has been accompanied by a deficiency statement noting (1) the
absence of any in forma pauperis application (and of the required
accompanying documents) and (2) the delivery of insufficient
copies of the Complaint to effect service on both defendants and

of his compliance with the precondition to any such prisoner lawsuit set out in Section 1997e(a): the exhaustion of all available administrative remedies. Indeed, the Complaint does not even reflect the commencement of any grievance or other administrative-remedy-seeking activity. Accordingly both the Complaint and this action are dismissed without prejudice.

That said, however, two related subjects should be mentioned. Here they are.

First, this Court should not be misunderstood as expressing any views as to the viability or nonviability of Ferguson's complaints about conditions at County Jail in constitutional terms. That subject will be addressed if, as and when Ferguson may satisfy the statutory precondition to bringing suit.

Second, this District Court's records reveal that Ferguson has done nothing toward paying, or even explaining the nonpayment of, his preexisting obligation of $300 in fees owed in connection with two of his prior lawsuits in this District Court--Case Nos. 02 C 1063 and 02 C 2077. In that respect, this Court's attached March 17, 2006 memorandum order in Case No. 06 C 1393 (another of Ferguson's attempted lawsuits) is self-explanatory.

Accordingly Ferguson is further notified that unless he provides a suitable explanation for his continuing delinquency in that respect, no further litigation efforts on his part will be

_____

provide this Court with the required judge's copy.

2

accepted "unless [he] is under imminent danger of serious physical injury."  This Court borrows that exception from the corresponding provision of 28 U.S.C. §1915(g) that applies to a prisoner who has previously accumulated three "strikes."

Milton I. Shadur
Senior United States District Judge

Date:   August 19, 2008

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANDRE FERGUSON,                          )
                                         )
                    Plaintiff,           )
                                         )
        v.                               )    No.  06 C 1393     *Attachment*
                                         )
SHERIFF MICHAEL SHEAHAN, et al.,         )
                                         )
                    Defendants.          )

MEMORANDUM ORDER

Andre Ferguson ("Ferguson") has just tendered a 42 U.S.C.
§1983 ("Section 1983") Complaint against Cook County Sheriff
Michael Sheahan and five other defendants affiliated with the
Cook County Department of Corrections ("County Jail"), asserting
that his constitutional rights were violated while he was in
custody at the County Jail (although when Ferguson signed and
submitted his Complaint, he had been transferred to Stateville
Correctional Center).  But before Ferguson's proposed action may
be entertained, he must make good on his preexisting obligation
referred to in this memorandum order.

Ferguson has utilized the form of Complaint provided by this
District Court's Clerk's Office for use by prisoners who bring
Section 1983 actions, having filled out its provisions in
handwriting.  As part of that form, Complaint ¶IV calls for a
plaintiff prisoner to list ALL (emphasis in original) previous
lawsuits that the plaintiff has filed.

In response to that requirement, Ferguson has identified

only a federal action filed June 7, 2004, which he says was assigned to Judge Foreman.[1]  What is conspicuously absent from the Complaint is any reference to the three prior lawsuits that Ferguson did file in this District Court--Case Nos. 02 C 1063, 02 C 2077 and 04 C 7087--all of which were assigned to this Court's calendar (a procedure called for by the District Court assignment rules that require all later actions by persons in custody to be assigned to the same District Judge who received the first such lawsuit).

What the reason for such silence on Ferguson's part may be is unknown to this Court.  But one result of that silence has been that Ferguson has also left unmentioned this Court's April 17, 2002 memorandum order entered in the two 2002 lawsuits, which expressly stated that, because Ferguson was no longer in custody at that point (so that the provisions of 28 U.S.C. §1915 as to his installment payment of the required filing fees could no longer operate), no further filings of any kind would be accepted from Ferguson until the $300 in fees that he was obligated to pay for those two cases was paid.  And that obligation on Ferguson's part was reconfirmed by this Court's

---

[1]  According to Complaint ¶IV.E the suit was filed in this Northern District of Illinois, but Senior District Judge James Foreman sits in the <u>Southern</u> District of Illinois.  This District Court Clerk's Office has no record of such a lawsuit, although as the text of this order reflects Ferguson did file a lawsuit here several months later in 2004.

2

November 18, 2004 memorandum order in Case No. 04 C 7087 (also
unmentioned in the current Complaint).

Although Ferguson had exhausted his trust fund account at
the County Jail as to all but $.51 on February 21, 2006, when the
authorized officer there filled out the certificate that forms
part of Ferguson's current In Forma Pauperis Application
("Application"), no explanation at all has been offered as to why
Ferguson has not honored his earlier obligations and complied
with this Court's April 2002 memorandum order in the intervening
space of nearly four years.  It is worth noting that during the
1-1/2 month period between January 5 and February 21, 2006 that
is covered by the printout from the County Jail, he managed to
have $160 credited to his account there.

In summary, Ferguson's current Complaint cannot be accepted.
Both the Complaint and this action are dismissed by reason of his
failure to have complied with the prior court orders.[2]  Such
dismissal is without prejudice, not only as a procedural matter
but also in real world terms--the latter because with the
asserted violation of Ferguson's constitutional rights having
taken place in February 2006, nearly the entire two-year
limitations period remains open before limitations would operate

_____

[2]   This dismissal moots the Application, which is therefore
denied.

3

to bar his Section 1983 claim.[3]

Milton I. Shadur
Senior United States District Judge

Date:   March 17, 2006

---

[3]   No opinion is of course expressed (or even implied) here
as to the substantive viability of Ferguson's claim.

4